**Jan M. SENSENICH, Chapter 13 Standing Trustee, Plaintiff–Appellant,**

v.

**BANK OF AMERICA, N.A., Defendant–Appellee.\***

No. 09–2305–bk.

United States Court of Appeals, Second Circuit.

Dec. 16, 2009.

Jan M. Sensenich, pro se, Norwich, VT, for Plaintiff–Appellant.

David N. Dunn, Potter Stewart, Jr. Law Offices, P.C., Brattleboro, VT, for Defendant–Appellee.

PRESENT: JOSÉ A. CABRANES, and B.D. PARKER, Circuit Judges, and P. KEVIN CASTEL, District Judge.\*\*

**SUMMARY ORDER**

Plaintiff-appellant Jan M. Sensenich ("Sensenich") is the trustee of the Chapter

---

\* The Clerk of Court is directed to amend the official caption in this case to conform to the listing of the parties above.

\*\* The Honorable P. Kevin Castel, of the United States District Court for the Southern District of New York, sitting by designation.

13 bankruptcy estate of Nicholas W. Stanzione and Regina C. Stanzione (the "Stanziones"). Sensenich, in his capacity as trustee, brought this adversary proceeding in the United States Bankruptcy Court for the District of Vermont claiming that the mortgage of defendant-appellee Bank of America, N.A., against the Stanziones' home was invalid because the mortgage deed was "improperly ... acknowledged" under Vermont law. *Lakeview Farm, Inc. v. Enman,* 166 Vt. 158, 689 A.2d 1089, 1093 (1997); *see* 27 V.S.A. § 341(a). The Bankruptcy Court granted Bank of America's motion for summary judgment, and Sensenich appealed to the United States District Court for the District of Vermont. The District Court affirmed. Sensenich now appeals to this Court. We affirm.

Sensenich claims that the acknowledgment form attached to the mortgage deed is invalid because the Stanziones' names were not written in the appropriate blank space on the acknowledgment form. It is "perfectly apparent upon the face" of the acknowledgment form that the omission of the Stanziones' names was a "clerical error." *Wood v. Cochrane,* 39 Vt. 544, 548 (1866). If the acknowledgment form makes reference to another instrument, such as the mortgage deed, the other instrument may be examined to "correct such error by construction." *Id.* at 548–49.

The notarized acknowledgment form describes the individuals acknowledging their signatures as the "signer(s) and sealer(s) of the foregoing written instrument." Because the Stanziones are plainly the signers of the "foregoing written instrument"—that is, the mortgage deed—the acknowledgment "show[s] ... with ... certainty" that the Stanziones are the individuals described by the acknowledgment form. *See Richmond v. Woodard,* 32 Vt. 833, 838 (1860). Therefore, the acknowledgment form "should be construed the

same as though the name[s] of" the Stanziones "had been originally inserted" in the correct part of the form. *Id.* at 838. As a result, the mortgage deed was validly acknowledged, and summary judgment for Bank of America was proper.

## CONCLUSION

For the foregoing reasons, the May 1, 2009 order of the District Court is **AFFIRMED.**